Plaintiff has failed to prove by the greater weight of the medical evidence of record that she sustained an occupational disease within the meaning of the Act. George S. Edwards, Jr., M.D., Charles D. Hall, M.D., and Richard Matthew Leighton, O.D., provided testimony regarding the relationship between plaintiffs job activities and her carpal tunnel syndrome including whether plaintiff was placed at an increased risk as compared to the general public. In this regard, Dr. Edwards testimony that plaintiffs job duties did not did not cause her carpal tunnel syndrome or place her at a greater risk as compared to the general public of developing carpal tunnel syndrome should be given greater weight. Dr. Edwards formed his opinion after reviewing a videotape of plaintiffs job duties and interpreting her nerve conduction studies, which indicated an idiopathic origin due to the symmetry of the velocities of the hands. From the videotape he determined that plaintiff did not use rapid finger motions, took frequent breaks and did not have substantial or prolonged periods where she used her hands rapidly. Furthermore, although plaintiffs duties included handwriting for much of the day, handwriting is not a cause of carpal tunnel syndrome because of the muscles used. Unlike Dr. Leighton and Dr. Hall, Dr. Edwards is a board certified orthopedic surgeon specializing in hand and upper extremity surgery with a vast amount of experience in the area of carpal tunnel syndrome. Dr. Leighton, only board eligible, is an osteopath and not a medical doctor. Furthermore, at the time of his deposition, he had minimal practice experience of two years and his main experience with carpal tunnel was during a three month residency period. Finally, although Dr. Hall is a board certified neurologist, he does not specialize in carpal tunnel syndrome or hand surgery and he does not have Dr. Edwards experience in interpreting nerve conduction studies.
Finally, although Dr. Edwards indicated that plaintiffs very long fingernails increased the force on her tendons, which could lead to the development of carpal tunnel syndrome, plaintiffs fingernails affected her tendons equally at work and at home. Moreover, although Dr. Edwards, in part, related the cause of plaintiffs disease to the awkward hand movements due to her long fingernails, this nevertheless does not mean that her job placed her at an increased risk as compared to the general public. Dr. Edwards opinion must be considered in its entirety.
Plaintiff bears the burden of proving each element of an occupational disease within the meaning of G.S. 97-53(13). Plaintiff must show that the disease is characteristic of an occupation, the disease is not an ordinary disease to which the public is equally exposed and it was caused by the occupation. Hansel v. Sherman Textiles, 304 N.C. 44, 283 S.E.2d 101(1981). Plaintiff, in this case, has failed to carry her burden; consequently, I would reverse the decision of the Deputy Commissioner and must therefore respectfully dissent from the majority opinion.
 S/_______________ DIANNE C. SELLERS COMMISSIONER